**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CITY OF TREASURE ISLAND,**

    **Plaintiff,**

**v.**                                                                    **Case No.  8:06-cv-2028-T-30TBM**

**MATTHEW B. SCHWARZ,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon City of Treasure Island's Motion for Remand (Dkt. #8), and Matthew Schwarz's Memorandum in Opposition to Motion for Remand (Dkt. #9).  The Court, having considered the motion, response, memoranda, Notice and Petition for Removal (Dkt. #1), and being otherwise advised in the premises, finds that City of Treasure Island's Motion for Remand should be granted.

On or about September 28, 2006, the City of Treasure Island (the "City") served Matthew Schwarz ("Schwarz") with a notice stating that he was in violation of certain provisions of the City's Code of Ordinances.  On or about October 18, 2006, the City scheduled a hearing before a special magistrate to determine whether Schwarz was in violations of such ordinances.  The hearing was scheduled to occur on November 14, 2006. On October 30, 2006, fifteen (15) days prior to the scheduled Code Enforcement Board hearing, Schwarz filed a Notice and Petition for Removal in this Court.  From a review of

the pleadings, neither party asserts that a hearing was held on November 14, 2006, or that the

Code Enforcement Board issued an order compelling compliance.

In its Motion for Remand, the City argues that the Code Enforcement proceedings

pending against Schwarz are not ripe for review, since the Code Enforcement Board had not

yet made findings of fact or conclusions of law or issued an order compelling Schwarz's

compliance.  The City's argument is well taken.

The question of ripeness goes to whether this Court has subject matter jurisdiction

over the issues presented.  See Tari v. Collier County, 56 F.3d 1533, 1535 (11th Cir. 1995).

For Schwarz's claim to be considered ripe for adjudication, "the governmental entity charged

with implementing the regulations" must have reached a "final decision regarding the

application of the regulations to the property at issue."  Tari at 1535, citing Williamson

County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186 (1985).  A final

decision has been made when the "initial decision maker has arrived at a definitive position

on the issue that inflicts an actual, concrete injury."  Williamson at 193.  If the authority has

not reached a final decision with regard to the application of the regulation to the

landowner's property, the landowner cannot assert an as applied challenge to the decision

because, in effect, a decision has not yet been made.  See Eide v. Sarasota County, 908 F.2d

716, 725 (11th Cir. 1990).

Applying these principles to the instant case, it is apparent that the City has not made

a final decision as to the Code Enforcement Proceedings at issue in Schwarz's petition for

removal.  The City's Code Enforcement Board must be given the opportunity to make a final

decision as to whether Schwarz has indeed violated certain provisions of the City's Code of

Ordinances before Schwarz can complain of that decision in a federal forum.[1]  Accordingly,

Schwarz's petition is not ripe for review and this Court lacks subject matter jurisdiction to

consider such petition.  For these reasons, the Court concludes that the City's motion for

remand should be granted.

It is therefore ORDERED AND ADJUDGED that:

1.     City of Treasure Island's Motion for Remand (Dkt. #8) is **GRANTED**.

2.     This case is remanded back to the Code Enforcement Board for further
       proceedings.

3.     The Clerk is directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-2028.mt for remand 8.wpd

---

[1] "The governmental entity charged with implementing the zoning ordinances must be given an opportunity to make a final decision as to whether to apply an ordinance to a landowner's property before the landowner can complain of that decision in a federal forum." Tari v. Collier County, 56 F.3d 1533, 1537.